UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ELLIOTT D. TYSON, | ) |
|           Petitioner, | ) |
| v. | ) No. 1:08-cv-138-SEB-JMS |
| STANLEY KNIGHT, | ) |
|           Respondent. | ) |

### Entry Discussing Petition for Writ of Habeas Corpus

"It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). So, a petitioner must give the state court a meaningful opportunity to consider the substance of the claims later presented in federal court. *Id.* Stated otherwise, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's "*actual* and substantial disadvantage,"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003).

In the present case, petitioner Elliott Tyson ("Tyson") seeks a writ of habeas corpus relating to his conviction for drug offenses and enhancement under Indiana's habitual offender statute. His petition, however, must be denied because of his unexcused procedural default. Tyson committed procedural default in two instances, as follows:

> ! First, Tyson failed to present his claim of the denial of ineffective assistance of counsel at the habitual offender stage in a procedurally adequate manner under Indiana state law. The Indiana Court of Appeals' rejection of this claim in the post-conviction action constitutes an independent and adequate state ground. *See Tyson v. State,* 868 N.E.2d 855, 858 (Ind.Ct.App. 2007)."A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time--as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate

state ground of decision that blocks federal collateral review." *Szabo v. Walls,* 313 F.3d 392, 395 (7th Cir. 2003) (citing cases). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991).

!       Second, Tyson failed to present the claim of ineffective assistance of counsel to the Indiana appellate courts. Instead, he presented in that appeal only the argument that the trial court had erred in summarily denying the post-conviction petition without conducting a hearing on it. Tyson has not shown the presence of circumstances sufficient to overcome the consequences of this procedural default.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Tyson has encountered the hurdle produced by his procedural default. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: 09/23/2008

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana